This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40978**

**BRYCE FRANKLIN,**

Plaintiff-Appellant,

v.

**NEW MEXICO CORRECTIONS DEPARTMENT, OFFICE OF GENERAL COUNSEL,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Matthew J. Wilson, District Court Judge**

Bryce Franklin
Las Cruces, NM

Pro Se Appellant

Hatcher Law Group, P.A.
Scott P. Hatcher
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Plaintiff appeals from a district court order awarding him damages under the Inspection of Public Records Act (IPRA). We issued a calendar notice proposing to affirm. Plaintiff has responded with a memorandum in opposition. We affirm.

**{2}** This appeal comes to this Court after we filed a memorandum opinion remanding this matter to the district court to rule on the issue of whether the denial of Plaintiff's

request for his inmate file was reasonable and, if not, the appropriate remedy for the violation under IPRA. *Franklin v. N.M. Corrs. Dep't*, A-1-38848, mem. op. ¶ 14 (N.M. Ct. App. June 14, 2022) (nonprecedential).

{3}     On remand, the district court determined that the individual who was responsible for handling Plaintiff's IPRA request did not take any action on the request. [RP 883-884] However, this individual would receive about forty inmate file requests a year, and that this was the only one that the individual was aware of where there had been a problem with viewing the file. [RP 883-884] The district court found that this constituted an unreasonable but inadvertent IPRA violation, and awarded Plaintiff a total of $1745, representing $1 per day. [RP 885-86]

{4}     IPRA permits a statutory penalty of up to $100 per day. NMSA 1978, § 14-2-11(C) (1993). The amount awarded is discretionary with the district court, an inadvertent violation is distinguishable from a bad faith violation, and when the violation is inadvertent, the purposes of the penalty are to acknowledge the violation and deter unresponsiveness. *Britton v. Off. of Att'y Gen.*, 2019-NMCA-002, ¶ 39, 433 P.3d 320. We also note that the district court's order states that a punishment at the higher end of the range will be imposed on Defendant if they now refuse to allow Plaintiff the opportunity to inspect his inmate file. [RP 886] In other words, any future IPRA violations could result in a finding of bad faith. In light of these specific circumstances, our calendar notice proposed to hold that the district court did not err as a matter of law in imposing the $1745 punishment.

{5}     In his memorandum in opposition, Plaintiff continues to claim that the actions here were not merely inadvertent but instead rose to the level of bad faith. Plaintiff relies on his repeated attempts to inspect the records, and Defendant's failure to produce the records within the time period set by its own policy. However, we are not persuaded that the district court abused its discretion by relying on testimony that this was a unique oversight in support of its conclusion Defendant did not act in bad faith. In short, the characterization of the conduct in question was better resolved by the district court than this Court. *See State v. Urioste*, 2002-NMSC-023, ¶ 6, 132 N.M. 592, 52 P.3d 964 (stating that the district court is in the best position to resolve fact and credibility issues).

{6}     For the reasons set forth above, we affirm.

{7}     **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**JANE B. YOHALEM, Judge**